O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA GAILE GRIMM,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　　　　Defendant. | CASE NO. ED CV 14-00917 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

Plaintiff Pamela Gaile Grimm seeks review of the Social Security Commissioner's decision denying her application for disability benefits.

The Administrative Law Judge found that Plaintiff had severe impairments of a degenerative disc disease of the spine and right rotator cuff tendinitis, as well as non-severe impairments of an overactive bladder, dysphagia and fibromyalgia. [AR 12] The Administrative Law Judge also found that Plaintiff could perform work at a medium level of exertion [AR 14], which allowed her to perform her past relevant work as a salesperson, machine packager and home attendant. [AR 18] Hence, the Administrative Law Judge concluded, Plaintiff was not under a disability. [*Id.*] The Court must uphold this decision if it is backed by substantial evidence and not tainted by legal error. *Drouin v. Sullivan*, 966 1255, 1257 (9th Cir. 1992).

Plaintiff first challenges the determination that her fibromyalgia was a non-severe impairment. The regulations do not define a "severe" impairment. Instead, they state what a non-severe impairment is: one that does not significantly limit physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. The basic work activities are "the abilities and aptitudes necessary to do most jobs," including various physical and mental activities. [*Id.*] In its internal procedures, the Social Security Administration assesses an impairment as "non-severe" if it has no more than a minimal effect on the individual's ability to do basic work functions. SSR 85-28. This minimalist treatment has received the Courts' imprimatur. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996). Thus, the requirement that a claimant have a severe impairment has been transmogrified into a requirement that the claimant have an impairment that is not very severe at all — it simply must have more than a minimal effect on his or her ability to do basic work functions.

The question of severity therefore is a question of functionability; a person can have an impairment that does not much affect the ability to function, in which case the impairment is not severe. Almost all of Plaintiff's argument is devoted to a different subject, however — whether Plaintiff had fibromyalgia at all. The Administrative Law Judge did raise this issue in a footnote [AR 12 n.1], but he did not rely on it, finding instead that Plaintiff had fibromyalgia, but that it was non-severe. Neither this Court nor the Administrative Law Judge nor Plaintiff is a doctor, and none is qualified to determine whether Plaintiff met the criteria for having fibromyalgia. *See Day v. Weinberger*, 522 F.2d 1154,1156 (9th Cir. 1975); *Manso-Pizarro v. Secretary of Health and Human Services*, 76 F.3d 15, 17 (1st Cir. 1996) ("With a few exceptions (not relevant here), an ALJ, as a lay person, is not qualified to interpret raw data in a medical record."). What Plaintiff would have the ability to challenge, however, is the issue of whether the Administrative Law Judge appropriately concluded that Plaintiff's fibromyalgia burdened her functionability more than minimally.

As noted, Plaintiff does not develop this point. She does not point to any evidence in the record where a doctor opined that her fibromyalgia imposed severe limitations on her functionability. She asserts that she was diagnosed with fibromyalgia in 2004, yet continued working until 2009, and her fibromyalgia was not the reason that she stopped working. Under the circumstances, the Administrative Law Judge was within his authority in concluding that fibromyalgia was not a severe impairment.

Plaintiff's second argument is that the Administrative Law Judge wrongly discounted her assertions as to pain. In this Court, again — unlike in the administrative hearing — Plaintiff focuses on her fibromyalgia. Fibromyalgia is an elusive disease, and objective evidence is hard to come by. *See Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004). But this does not mean that any plaintiff with fibromyalgia cannot work, or must be believed completely. Plaintiff here had a variety of ailments; the main ones identified by the Administrative Law Judge were a degenerative disc disease of the cervical spine and right rotator cuff tendinitis. It was those impairments, in combination with the non-severe impairments (which included fibromyalgia), which the Administrative Law Judge evaluated, and Plaintiff's testimony as to her level of pain had to be related to the impairments. Thus, in evaluating Plaintiff's credibility, the Administrative Law Judge was assessing her believability as to the impact of all her impairments, in combination.

Although it cannot be an ending point in a credibility analysis, the objective medical evidence certainly can be a starting point. *Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001). Here, the Administrative Law Judge's determination that the objective medical evidence belied the degree of Plaintiff's pain was a factor that he could at least begin with. If he had stopped there, he would have run afoul of cases like *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (en banc), but he was entitled to consider the evidence he detailed as one factor indicating that Plaintiff's claim that she could not work was overstated.

He also noted that Plaintiff attempted to exaggerate her symptoms [AR 15], and this was consistent with statements in the record that Plaintiff was a poor and vague

historian, and that, although she makes unusual comments such as she could not move, speak, or eat, visual observations belied the comments. [AR 599-600]

The Administrative Law Judge also noted that Plaintiff's daily activities were inconsistent with her statements that she could do virtually nothing. [AR 15] It is true, of course, that a claimant need not be totally unable to function in order to qualify for disability benefits, but this was not the point the Administrative Law Judge was addressing. Rather, he was addressing the inconsistency between Plaintiff's assertion that she could do virtually nothing, and the record that showed that she could do considerably more than nothing. Such an inconsistency is a valid basis for finding a claimant less than wholly credible. *Bunnell*, 947 F.2d at 346; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

The Administrative Law Judge also addressed the nature of Plaintiff's care in comparison to Plaintiff's complaints. Conservative care in the face of supposed inability to function makes the claim less credible. *Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995). Although Plaintiff asserts in this Court that her medication was increased, she testified at the hearing (at which she was represented by counsel) that her medication had not been changed in the last year or two. [AR 9] The Administrative Law Judge also referenced the fact that, even though she had a back problem, surgery had not been recommended for it. [AR 15]

These were valid reasons for the Administrative Law Judge to disbelieve Plaintiff. A different person might interpret the evidence differently, but the Court must defer to the interpretation placed on it by the Administrative Law Judge. *Rollins, supra.*

In accordance with the foregoing, the decision of the Commissioner is affirmed.

DATED: February 17, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE